BERNARD EDWARD KRETLOW,

Plaintiff,                                    OPINION & ORDER

v.
                                              16-cv-583-jdp
TONIA ROZMARYNOSKI,

Defendant.[1]

Pro se plaintiff Bernard Edward Kretlow is an inmate in the custody of the Wisconsin Department of Corrections currently housed at the Green Bay Correctional Institution (GBCI). I allowed him to proceed on an Eighth Amendment deliberate indifference claim against defendant Tonia Rozmarynoski. Dkt. 17. Kretlow alleged that sometime in August 2016, Rozmarynoski knew that he was banging his head against the floors and walls of his cell and felt like he was about to have a seizure, and yet she did nothing.

Now Kretlow has moved for summary judgment. Dkt. 30. Of Kretlow's four proposed findings of fact, only one is comprehensible: "Sergeant Rozmarynski a sergeant here at GBCI acted in deliberate indifference towards me on August 2, 2016, by not informing my wing officer or HSU of me complaining of a medical emergency from banging my head all day." Dkt. 30, at 3, 9. Rozmarynoski disputes this fact. She points to admissible evidence indicating that she wasn't working on August 2 and usually tells a wing officer when an inmate complains of a medical emergency. Kretlow had the opportunity to file a reply in support of his motion, but

---

[1] The caption has been updated to reflect defendant's full name.

he failed to do so. Because Kretlow has not shown that summary judgment in his favor is proper, I will deny his motion.

In response to Kretlow's motion, Rozmarynoski moves for leave to file a motion for summary judgment for failure to exhaust administrative remedies. Dkt. 34. The deadline for Rozmarynoski to file a motion concerning exhaustion of administrative remedies was in June. *See* Dkt. 24. Rozmarynoski explains that she did not file her motion by the deadline because Kretlow's first summary judgment motion suggested that the alleged incident occurred in June 2016, and Kretlow filed a grievance concerning Rozmarynoski around that time. But now that Kretlow's submissions in support of his second summary judgment motion made clear that the date at issue is August 2, 2016, Rozmarynoski asks the court to extend the deadline for filing a motion concerning exhaustion.

Rozmarynoski has not shown good cause for failing to file her motion by the deadline. The court's February 28, 2017 order granting Kretlow leave to proceed indicated that the alleged incident occurred in August 2016. *See* Dkt. 17, at 2. Rozmarynoski could have nailed down the exact date in discovery. Her failure to do so does not excuse her from abiding by the court's deadlines. So I will deny her motion for leave to move for summary judgment for failure to exhaust.

Of course, Rozmarynoski can, and most likely will, file a motion for summary judgment on the merits by the December 22, 2017 deadline set by the court. I have some doubts about whether Kretlow will respond to her motion: Kretlow failed to file a reply brief in support of his motion for summary judgment, and I recently dismissed another case brought by Kretlow due to his failure to prosecute it. *See Kretlow v. Dahlstrom*, No. 15-cv-571 (W.D. Wis. filed Sept. 10, 2015). So I will order Kretlow to respond to this order indicating his intent to continue to

litigate this case. If Kretlow fails to respond as ordered, I will dismiss this case with prejudice for his failure to prosecute it.

ORDER

IT IS ORDERED that:

1. Plaintiff Bernard Edward Kretlow's motion for summary judgment, Dkt. 30, is DENIED.

2. Defendant Tonia Rozmarynoski's motion for leave to file a motion for summary judgment for failure to exhaust administrative remedies, Dkt. 34, is DENIED.

3. Plaintiff must respond to this order indicating his intent to continue to litigate this case by November 21, 2017.

Entered November 7, 2017.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge